IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02475

DAVID EMMA,
JAQUELINE EMMA, and
STEVE KRETZER

       Plaintiffs,

v.

THE RITZ-CARLTON HOTEL COMPANY, LLC, a Delaware limited liability company,
BACHELOR GULCH PROPERTIES, L.L.C., a Delaware limited liability company,
CHRISTOPHER ROCK, and
STEPHEN SKELTON

       Defendants.

## THIRD AMENDED COMPLAINT

Plaintiffs David Emma ("David"), Jacqueline Emma ("Jacqueline") and Steve Kretzer ("Steve") complain against Defendants The Ritz Carlton Hotel Company, LLC ("Ritz Carlton"), Bachelor Gulch Properties, L.L.C. ("Properties"), Christopher Rock ("Rock") and Stephen Skelton ("Skelton") as follows:

### PARTIES AND JURISDICTION

1. Plaintiffs each reside in Naples, Florida.

2. Ritz Carlton is a Delaware limited liability company doing business as The Ritz Carlton Bachelor Gulch in Beaver Creek, Eagle County, Colorado, and operating a hotel ("Ritz Hotel").

3. Upon information and belief, Properties manages the Ritz Hotel as a contractor or

1

affiliate of Ritz Carlton.

4. Upon information and belief, at pertinent times, Rock resided in Eagle County.

5. Upon information and belief, at pertinent times, Skelton resided in Eagle County.

6. All events complained of herein occurred in Eagle County, Colorado, in or around March 2021.

7. Venue is proper under C.R.C.P. 98(c).

**GENERAL ALLEGATIONS**

8. On March 5, 2021, each of the Plaintiffs were paying guests at the Ritz Hotel and were staying at the Ritz Hotel March 4 through March 7, 2021.

9. On March 5, 2021, from at or around 7:00 p.m., until at or around 9:00 p.m., Plaintiffs were at a bar and restaurant in the Ritz Hotel in the Great Room Outlet (sometimes the "Great Room").

10. On March 5, 2021, Skelton and Rock were employed by Ritz Carlton or Properties. Upon information and belief, on March 5, 2021, the Ritz Hotel had rules in place for its employees relating to the pandemic, including rules as to how to enforce mask-wearing requirements for guests.

11. From at or around 7:30 p.m., until at or around 9:00 p.m., Skelton repeatedly approached Plaintiffs to admonish them for not appropriately wearing masks.

12. Skelton singled out Plaintiffs from among others in the Great Room. All Plaintiffs carried masks with them which they would remove while drinking or eating. Others in the Great Room behaved similarly.

13. At around 7:30 p.m., Skelton approached David while David was having drinks and dinner and told David that he must put on a mask in between every sip and bite. David then asked

2

another Ritz Hotel employee to have Skelton stop bothering and singling out Plaintiffs, and David was told that the situation would be handled.  At or around 8:00 p.m., Skelton approached Steve and Jaqueline and told them to put on masks in between bites or drinks. Rock then approached, joined the discussion, and confronted Steve.  Jacqueline tried to take a photo on her cell phone of Rock's name tag. Rock forcibly took the cell phone from Jacqueline. Steve asked Rock repeatedly to return the phone.  Rock would not return the phone.  Steve reached for the phone and Skelton grabbed Steve.  David pulled Skelton off Steve and David hit his head during the fray. This series of events is referred to as the "Incident." David was taken to the hospital for stitches and released.

14. Plaintiffs were all evicted from the Ritz Hotel. Plaintiffs all suffered their vacations being cut short and lodging and transportation annoyances, and incurred expenses.

15. David was cited by the Eagle County Sheriff Office ("ECSO") for third degree assault, a class 1 misdemeanor, which carries a two-year jail sentence.

16. Steve was cited by ECSO for harassment, a class 3 misdemeanor, which carries a six-month jail sentence.

17. Upon information and belief, Rock was cited by ECSO for tampering, a second-degree misdemeanor.

18. After David and Steve each hired defense counsel, all charges against David and Steve were dismissed.

19. Ritz Carlton and the Ritz Hotel respectively failed to adopt, issue, and communicate to employees including Rock and Skelton a mask-wearing policy which was commercially reasonable, or which was consistent with policies set forth by the Colorado Department of Health.

## FIRST CLAIM FOR RELIEF
(Premises Liability – Ritz Carlton and Properties)

20. Plaintiffs incorporate herein all prior averments.

21. Ritz Carlton was a "landowner" as defined in the Premises Liability Act, C.R.S. § 13-21-115 ("PLA").

22. At all times pertinent to this Complaint, Ritz Carlton was the owner and operator of the property where Plaintiffs suffered damages, and Properties was Ritz Carlton's contractor, agent and/or affiliate. Ritz Carlton owed non-delegable duties to the Plaintiffs including but not limited to, the duty to maintain to property in a safe condition, and to not staff the property with untrained or unqualified employees.

23. At all times pertinent to this Complaint, Plaintiffs each were invitees, as that term is defined by the PLA, at Ritz Carlton.

24. At all times pertinent to the Complaint, Ritz Carlton and Properties knew or should have known that the series of events initiated by Skelton and Rock toward David, Jaqueline and Steve constituted a dangerous condition or foreseeably would lead to a dangerous condition for Plaintiffs.

25. As a direct, proximate, and foreseeable result of Ritz Carlton and Properties' acts and omissions, David suffered physical injuries and permanent disfigurement and incurred medical expenses; and all Plaintiffs suffered annoyance and anxiety and incurred lodging, travel and legal expenses.

## SECOND CLAIM FOR RELIEF
(Assault – Skelton and Rock)

26. Plaintiffs incorporate herein all prior averments.

27. Skelton and Rock intended to cause harmful physical contact to David and Steve.

4

28. Skelton and Rock's contact with David was harmful in that David's injuries were considered serious bodily injury that required medical intervention.

29. As a direct, proximate, and foreseeable result of Skelton and Rock's acts and omissions, David suffered physical injuries and permanent disfigurement and incurred medical expenses; and all Plaintiffs suffered annoyance and anxiety and incurred lodging, travel and legal expenses.

### THIRD CLAIM FOR RELIEF
(Negligence *Per Se* - Rock)

30. Plaintiffs incorporate herein all prior averments.

31. On March 5, 2021, the following statue, C.R.S. § 18-4-506 was in effect, Second Degree Criminal Tampering.

> C.R.S. § 18-4-506. Except as provided in sections 18-4-506.3 and 18-4-506.5, a person commits the crime of second-degree criminal tampering if he tampers with property of another with intent to cause injury, inconvenience, or annoyance to that person or to another or if he knowingly makes an unauthorized connection with property of a utility. Second degree criminal tampering is a class 2 misdemeanor.

32. Rock forcibly grabbed Jaqueline's cell phone with the intent of causing her inconvenience or annoyance.

33. Skelton and Rock then pushed and wrestled with Steve and David causing David to defend himself and Steve which led to David's serious bodily injury.

34. Plaintiffs are members of the group of persons that the statute was intended to protect; and the purpose of the statute was to protect against the type of injuries and losses Emma sustained.

35. As a direct, proximate, and foreseeable result of Rock's acts and omissions, David suffered physical injuries and permanent disfigurement and incurred medical expenses; and all Plaintiffs suffered annoyance and anxiety and incurred lodging, travel and legal expenses.

**FOURTH CLAIM FOR RELIEF**
(Negligence – Skelton and Rock)

36. Plaintiffs incorporate herein all prior averments.

37. Both Skelton and Rock failed to act as reasonably careful persons would under the same and similar circumstances by, among other things, Rock grabbing Jacqueline's phone and Skelton pushing and shoving Steve and David.

38. As a direct, proximate, and foreseeable result of Skelton and Rock's acts and omissions, David suffered physical injuries and permanent disfigurement and incurred medical expenses; and all Plaintiffs suffered annoyance and anxiety and incurred lodging, travel and legal expenses.

**FIFTH CLAIM FOR RELIEF**
(Negligent Infliction of Emotional Distress – Skelton and Rock)

39. Plaintiffs incorporate herein all prior averments.

40. Skelton and Rock caused Plaintiffs to be put in fear for their safety and caused each of the Plaintiffs emotional distress.

WHEREFORE, Plaintiffs request that judgment enter in their favor and against all Defendants for damages in an amount to be determined at the time of trial, prejudgment interest from the date of the incident, costs, expert witness fees, attorney fees, and such other relief this Court deems proper.

PLAINTIFFFS DEMAND THAT ALL MATTERS SO TRIABLE BE DECIDED BY A JURY OF SIX.

                    *s/ Brett Steven Heckman*
                    Brett Steven Heckman
                    Heckman & O'Connor, P.C.
                    P.O. Box 726
                    Edwards, Colorado 81632
                    Telephone:  (970) 926-5991
                    Facsimile:  (970) 926-5995
                    bheckman@heckmanoconnor.com.
                    *Attorney for Plaintiffs*

Plaintiffs' addresses:

David and Jaqueline Emma
627 Hickory Road
Naples, Florida 34108

Steve Kretzer
9185 Troon Lakes Drive
Naples, Florida 34109

## **CERTIFICATE OF DELIVERY**

      I certify, that on this 25th day of October, 2021, a true and correct copy of the foregoing THIRD AMENDED COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties at the following e-mail addresses:

U.S. District Court
District of Colorado

Christopher K. Miller, Esq.
Karin B. Williamson, Esq.
Childs McCune LLC
821 17th St., Ste. 500
Denver, Colorado 80202
cmiller@childsmccune.com
kwilliamson@childsmccune.com

                    /s/ Heather D. Cline
                    Signature on file
                    By:_____
                      Heather D. Cline, Paralegal